UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REBECCA BRIGGS and
JOAN MIKLUSCAK, on behalf of
themselves and on behalf of all
others similarly situated,

    Plaintiff,

v.                                                                    CASE NO.:

VENICE HMA, LLC d/b/a VENICE
REGIONAL BAYFRONT HEALTH,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, REBECCA BRIGGS and JOAN MIKLUSCAK, by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, bring this action against Defendant, VENICE HMA, LLC d/b/a VENICE REGIONAL BAYFRONT HEALTH ("Defendant"), and in support of their claims state as follows:

### JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), the Florida Private Whistleblower's Act ("FPWA"), Section 448.102 Fla. Stat, and the common law of the State of Florida.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Sarasota County, Florida.

## PARTIES

4. Plaintiff REBECCA BRIGGS is a resident of Sarasota County, Florida.

5. Plaintiff JOAN MIKLUSCAK is a resident of Sarasota County, Florida.

6. Defendant operates a hospital in Venice, in Sarasota County, Florida.

## GENERAL ALLEGATIONS

7. Plaintiffs have satisfied all conditions precedent, or they have been waived.

8. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

9. Plaintiffs request a jury trial for all issues so triable.

10. At all times material hereto, Plaintiffs were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, Defendant was engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

15. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

16. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of the FPWA, Section 448.101(2), Fla. Stat.

17. At all times material hereto, Defendant was an "employer" within the meaning of the FPWA, Section 448.101(3), Fla. Stat.

## FACTS

18. Named Plaintiff REBECCA BRIGGS began working for Defendant as a nurse case manager in June 2017, and she worked in this capacity until October 2017.

19. Named Plaintiff JOAN MIKLUSCAK began working for Defendant as a nurse case manager in December 1997, and she worked in this capacity until December 2017.

20. At various times material hereto, Plaintiffs worked hours in excess of forty (40) hours within a work week for Defendant, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their regular hourly rate.

21. Plaintiffs were instructed to clock in before their scheduled shifts (12 hour shifts) and clock out at the end of their scheduled shift, regardless of how early they began to work or how late they stayed. Plaintiffs were also docked one half hour lunch break and regularly worked through this and other breaks.

22. Defendant regularly altered time cards to insure the time record did not reveal hours worked over 40.

23. Defendant failed to pay Plaintiffs and Members of the Class an overtime premium for all of the overtime hours that they worked, in violation of the FLSA.

24. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and Members of the Class, Defendant has failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, including Defendant's employment practices, in violation of the FLSA, 29 U.S.C. § 201 et seq.

25. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

26. At all times material hereto, Defendant was an employer having employees with occupational exposure to potentially infections materials within the meaning of 29 CFR § 1910.1030.

27. As such an employer, Defendant had a legal obligation to observe universal precautions to prevent contact with blood or other potentially infections materials. Engineering and work practice controls shall be used to eliminate or minimize employee exposure. Where occupational exposure remains after institution of these controls, personal protective equipment shall also be used. 29 CFR § 1910.1030(d).

28. Plaintiff REBECCA BRIGGS witnessed Rose Mercer, a Nurse Case Manager employed by Defendant; enter an isolation room without the appropriate

personal protective equipment. Specifically, Ms. Mercer was not wearing an isolation gown or gloves.

29. At all times material hereto, Defendant was a hospital within the meaning of Section 395.002(12) Fla. Stat.

30. As a hospital, Defendant and its employees have a legal obligation to refrain from altering, defacing, or falsifying medical records, as well as causing any of these offenses to be committed pursuant to Section 395 Fla. Stat., including but not limited to Section 395.302 Fla. Stat.

31. Throughout the course of her employment, Plaintiff REBECCA BRIGGS regularly witnessed a fellow Nurse Case Manager, Chelsea (last name unknown), and Ms. Mercer falsify patient records. By way of example and not limitation, Ms. Mercer and Chelsea filled out patient records without interviewing the pertinent patient and made entries under the name of other employees without permission.

32. On October 3, 2017, Plaintiff REBECCA BRIGGS reported these illegal behaviors to Defendant's Human Resource Department.

33. On October 9, 2017, Defendant terminated Plaintiff REBECCA BRIGGS' employment in retaliation for her objection to, and refusal to participate in Defendant's illegal practices.

34. On or about September 7, 2017, Rose Mercer entered Plaintiff REBECCA BRIGGS' cubicle and was loudly yelling at Plaintiff. Plaintiff REBECCA BRIGGS attempted to deescalate the situation and calmly asked Ms. Mercer to cease yelling. When

Ms. Mercer refused to calm down, Plaintiff REBECCA BRIGGS attempted to exit her cubicle.

35. Plaintiff REBECCA BRIGGS asked Ms. Mercer to allow her to exit. Ms. Mercer moved her body closer to Plaintiff so that she was physically touching Plaintiff. Ms. Mercer continued to purposefully block the narrow cubicle exit and prevent Plaintiff REBECCA BRIGGS from leaving the cubicle.

36. Plaintiff REBECCA BRIGGS repeated her request that Ms. Mercer allow her to leave the cubicle at least four times. In response, Ms. Mercer continued to yell and waved her hands inches from Plaintiff's face. Ms. Mercer stated that she was going to tell Plaintiff was she thought of her and that Plaintiff would have to listen until she was through.

37. Plaintiff REBECCA BRIGGS was held against her will for several minutes until she was able escape through a momentary small opening between Ms. Mercer and the wall.

38. Plaintiff REBECCA BRIGGS reported this incident to her supervisor, Melanie Garden, as well as Defendant's HR department. Defendant failed to take any remedial actions in relation to Ms. Mercer's behavior.

**COLLECTIVE ACTION ALLEGATIONS**

39. Plaintiffs bring this case as an "opt-in" collective action on behalf of similarly situated employees of Defendant (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of nurse case managers whom Defendant failed to compensate for all overtime hours worked in accordance with the FLSA.

40. Therefore, Notice is properly sent to: "All nurse case managers whom Defendant failed to compensate for all of the overtime hours that they worked from 2015 to the present."

41. The total number and identities of the Class members may be determined from the records of Defendant, and the Class may easily and quickly be notified of the pendency of this action.

42. Plaintiffs are similar to the Class because they and the Class have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

43. Plaintiffs' experience with Defendant's payroll practices is typical of the experiences of the Class.

44. Defendant's failure to pay all overtime wages due at the rates required by the personal circumstances of the named Plaintiffs or of the Class is common to the Class.

45. Overall, Plaintiffs' experience as a nurse case manager who worked for Defendant is typical of that of the Class.

46. Specific job titles or job duties of the Class do not prevent collective treatment.

47. Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendant's liability under the FLSA in this case.

### COUNT I – FLSA OVERTIME VIOLATION
### (AS TO ALL PLAINTIFFS)

48. Plaintiffs reallege and readopts the allegations of paragraphs 1 through 47 of this Complaint, as though fully set forth herein. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

49. During the statutory period, Plaintiffs and the members of the collective worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

50. Defendant failed to compensate Plaintiffs and the Class for all of the overtime hours that Plaintiffs and the Class worked.

51. The Members of the Class are similarly situated because they were all employed as nurse case managers by Defendant, were compensated in the same manner, and were all subject to Defendant's common policy and practice of failing to pay its nurse case managers for all of the overtime hours that they worked in accordance with the FLSA.

52. This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the Members of the Class who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

53. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

54. As a result of the foregoing, Plaintiffs and the Class have suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiffs unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

c) An equal amount to Plaintiffs' overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiffs were unlawful, and grant Plaintiffs equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

### COUNT II – RETALIATION UNDER THE FPWA
### (AS TO PLAINTIFF REBECCA BRIGGS ONLY)

55. Plaintiff REBECCA BRIGGS realleges and readopts the allegations of paragraphs 1 through 33 of this Complaint, as though fully set forth herein.

56. Plaintiff opposed and refused to participate in Defendant's violation of laws rules, and regulations, including but not limited to Fla. Stat. §395 and 29 CFR §1910.1030, thereby engaging in protected activity under the FPWA.

57. Defendant retaliated against Plaintiff for engaging in protected activity under the FPWA by terminating Plaintiff's employment.

58. Plaintiff was injured by Defendant's violations of the FPWA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant in the amount of Plaintiff's lost wages, benefits, and other remuneration;

d) Any other compensatory damages allowable at law;

e) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

f) For such further relief as this Court deems just and equitable.

### COUNTI III – FALSE IMPRISONMENT
### (AS TO PLAINTIFF REBECCA BRIGGS ONLY)

59. Plaintiff REBECCA BRIGGS realleges and readopts the allegations of paragraphs 1 through 38 of this Complaint, as though fully set forth herein.

60. Without privilege, authority, or consent, Defendant intentionally and physically restrained and confined Plaintiff by use of his hands, arms, and other body parts for the purpose of and with the knowledge that his actions would result in Plaintiff being confined and restrained in, amount other places, her cubicle.

61. Defendant acted with the intent to restrain and deprive Plaintiff of her liberty, against Plaintiff's will and despite her protests and physical resistance.

62. Throughout Defendant's restraint and confinement of her person, Plaintiff had no reasonable means or avenue of escape.

63. Defendant's acts of restraining and confining Plaintiff were wholly without authority and completely unreasonable in light of the foregoing facts and circumstances.

64. As the direct and proximate result of Defendant's unlawful restraint and deprivation of her liberty, Plaintiff has suffered injuries, damages, and losses – including without limitation, past and future physical injury, pain, and suffering; past and future emotional and mental distress, pain, and suffering.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Compensatory damages allowable at law;

d) All costs, attorney's fees, and reasonable expenses incurred in prosecuting these claims, in accordance with Fla. Stat. §448.104; and

e) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 27 day of February, 2018.

Respectfully submitted,

*/s/ Donna V. Smith*

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**